IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA A. LANG, | |
| Plaintiff, | |
| v. | Case No. 1:21-CV-3565 |
| TOYOTA MOTOR CORPORATION; TOYOTA MOTOR SALES USA, INC.; TOYOTA MOTOR NORTH AMERICA, INC.; and TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC. | |
| Defendants. | |
| and | |
| VILLAGE OF SOUTH ELGIN; SOUTH ELGIN POLICE DEPARTMENT; SOUTH ELGIN AND COUNTRYSIDE FIRE PROTECTION DISTRICT; LIBERTY MUTUAL INSURANCE; PROGRESSIVE INSURANCE; LOREN HYUNDAI, INC. d/b/a NAPLETON HYUNDAI GLENVIEW; JORDAN CHAPMAN; FCA US, LLC; and TOYOTA, | |
| Respondents in Discovery. | |

NOTICE OF REMOVAL

PLEASE TAKE NOTICE pursuant to 28 U.S.C. § 1446, Defendants, Toyota Motor North America, Inc. ("TMNA") and Toyota Motor Sales, U.S.A., Inc. ("TMS") (collectively, "Defendants"), by their attorney, Denean K. Sturino of O'Hagan Meyer, LLC, hereby remove this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. As grounds for removal, Defendants state as follows:

## I.     INTRODUCTION:

1.      On January 8, 2021, Plaintiff Lisa Lang ("Plaintiff") commenced this action by filing a complaint in the Circuit Court of Cook County, Illinois, under the same caption as above and bearing case number 2021 L 000272 (the "Complaint"). A copy of the Complaint is attached as Exhibit A.

2.      The Complaint arises out of a motor vehicle accident on January 9, 2019, when Jordan Chapman's motor vehicle struck the passenger side of Plaintiff's motor vehicle, causing it to tip over onto the driver's side (the "Accident"). *See* Exhibit A, ¶ 4. At the time of the crash, Plaintiff was in the process of turning from westbound Stearns Road to southbound McLean Boulevard, in the City of South Elgin, County of Kane, State of Illinois. *See Id*.

3.      On May 18, 2021, Defendants received service of the Complaint via process server. A copy of the proof of service upon Defendant, TMNA is attached as Exhibit B; a copy of the proof of service upon Defendant, TMS is attached as Exhibit C.

4.      On June 9, 2021, Defendants received notice for the first time that the amount in controversy exceeds $75,000 due to Plaintiff's Complaint, Case No. 2021 L 003582,  filed for legal malpractice claims asserting that her medical damages and wage loss exceed $500,000 related to the Accident. A copy of Plaintiff's Complaint in the legal malpractice action is attached as Exhibit D; an Affidavit of Jilian M. Burns is attached as Exhibit E, at ¶3; and an Affidavit of Elizabeth Dziedzic is attached as Exhibit F, at ¶3, respectively.

## II.    PROCEDURAL REQUIREMENTS

5.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446, because it is filed within thirty (30) days of Defendants' receipt of information and notice that the amount in controversy related the Accident exceeds $75,000.  If the amount in controversy is ambiguous

from the face of the complaint, the defendant can wait longer than 30 days because the 30-day federal removal clock does not start until the plaintiff admits the amount exceeds the jurisdictional requirement. *RBC Mortgage v. Couch*, 2003 WL 21780960 (N.D. Ill. July 31, 2003). The Complaint that was filed in this action was ambiguous as to amount in controversy, but the Plaintiff's Legal Malpractice Complaint was not in that it alleged the Accident resulted in Plaintiff experiencing $500,000 in medical expenses and wage loss. *See* Exhibit D, ¶6 of Count II.

6.     No prior application for the same or similar relief has been made to this or any other court.

7.     Venue is proper. Pursuant to 28 U.S.C. § 1441 et seq., this cause may be removed from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, as the action is pending within this district.

8.     After filing, Defendants will promptly serve written notice of this Notice of Removal on counsel for Plaintiff and file the same with the Clerk of the Circuit Court of Cook County, Illinois, in accordance with 28 U.S.C. § 1446(d).

### III.     BASIS FOR REMOVAL

9.     Removal is proper pursuant to 28 U.S.C. § 1332, because this case involves a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### A.     Complete Diversity Exits

10.     An individual's citizenship for diversity purposes is based upon where the individual was domiciled at the time the action arose. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).

11.     A corporation is a citizen of every state in which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332. A corporation's principal place of business is the corporation's "nerve center," which, typically, is the corporation's main headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 97 (2010).

12.     Citizenship of the respondents in discovery is irrelevant to establishing diversity. *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1485 n. 3 (7th Cir. 1996); *Ford v. Mannesmann Dematic Corp.*, 2000 WL 1469371, *4 (N.D. Ill. 2000).

13.     Plaintiff was an Illinois citizen both at the time of the filing of the Complaint and upon the filing of the Notice of Removal.  Upon information and belief, Plaintiff resided in Geneva, Illinois at the time the Complaint was filed, and continues to reside there currently.

14.     Defendant TMNA is a California corporation with its principal place of business located in Plano, Texas. TMS is also a California Corporation, with its principal place of business in Plano, Texas.

15.     Neither TMNA nor TMS were Illinois citizens at the time the Complaint or Notice of Removal was filed.

16.     While not yet served, Toyota Motor Corporation ("TMC") is a foreign corporation located in Toyota City, Aichi Prefecture, Japan and is not a citizen of United States or any state therein.  Further, while also not yet served, Toyota Motor Engineering and Manufacturing North America ("TEMA") is a Kentucky corporation with its principal place of business in Plano, Texas.

**B.     The Amount in Controversy Exceeds $75,000**

17.     A court will generally determine the amount in controversy "by merely looking at plaintiff's state court complaint, along with the record as a whole." *Hasek v. Chrysler Corp.*, 1996

WL 48602, at *2 (N. D. Ill. Feb. 5, 1996) (citing *Gould v. Artisoft, Inc.*, 1 F. 3d 544, 547 (7th Cir. 1993), and *In re Shell Oil Co.*, 970 F. 2d 355, 356 (7th Cir. 1992) (per curiam)).

18.     Plaintiff's instant Complaint states that Plaintiff suffered injuries and sustained damages and Plaintiff's Legal Malpractice Complaint states that Plaintiff "incurred medical expenses and wage loss exceeding $500,000." *See* <u>Exhibit A</u>, ¶ 5 and <u>Exhibit D</u>, ¶ 6 of Count II, respectively.

19.     Therefore, the amount in controversy exceeds $75,000.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants TOYOTA MOTOR NORTH AMERICA, INC. and TOYOTA MOTOR SALES, U.S.A., INC., hereby remove the above-captioned action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, and for any other relief deemed necessary. Dated this 2nd day of July 2021.

Respectfully submitted,

Denean K. Sturino / *Counsel for Toyota Motor North America, Inc. and Toyota Motor Sales USA, Inc.*

Denean K. Sturino
O'Hagan Meyer, LLC
One E. Wacker Drive
Suite 3400
Chicago, IL 60601
T: (312) 422-6100
F: (312) 422-6110
dsturino@ohaganmeyer.com
Firm No. 60938

<u>Certificate of Service</u>

The undersigned certifies that a copy of the foregoing *Notice of Removal* has been served upon all counsel of record on July 2, 2021 by electronic filing and electronic mail to:

John M. Kovac
Law Office of John M. Kovac
1342 Rosemary Lane
Bolingbrook, IL 60490
kovaclaw@aol.com

> Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies as aforesaid that she verily believes the same to be true.
>
> *Jilian M. Burns*
> _____
> Jilian M. Burns

FILED
1/8/2021 4:36 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

11768021

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

|  |  |  |
|---|---|---|
| LISA A. LANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **No.** 2021L000272 |
| | ) | |
| TOYOTA MOTOR CORPORATION; | ) | |
| TOYOTA MOTOR SALES USA INC.; | ) | |
| TOYOTA MOTOR NORTH AMERICA, INC.; and | ) | |
| TOYOTA MOTOR ENGINEERING & MANUFACTURING | ) | |
| NORTH AMERICA, INC. | ) | |
| | ) | |
| Defendants, | ) | |
| And | ) | |
| | ) | |
| VILLAGE OF SOUTH ELGIN | ) | |
| SOUTH ELGIN POLICE DEPARTMENT; | ) | |
| SOUTH ELGIN AND COUNTRYSIDE FIRE | ) | |
| PROTECTION DISTRICT; | ) | |
| LIBERTY MUTUAL INSURANCE; | ) | |
| PROGRESSIVE INSURANCE; | ) | |
| LOREN HYUNDAI INC. d/b/a | ) | |
| NAPELTON HYUNDAI GLENVIEW; | ) | |
| JORDAN CHAPMAN; | ) | |
| FCA US LLC; and | ) | |
| TOYOTA, | ) | |
| | ) | |
| Respondents in Discovery. | ) | |

## COMPLAINT AT LAW

## COUNT I

### (Products Liability)

**NOW COMES** the Plaintiff, LISA A. LANG, by her attorney, and complaining of

Defendants, TOYOTA MOTOR CORPORATION; TOYOTA MOTOR SALES USA INC.;

1


EXHIBIT
A

FILED DATE: 1/8/2021 4:36 PM    2021L000272

TOYOTA MOTOR NORTH AMERICA, INC.; and TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., pleading hypothetically and in the alternative, states as follows:

1.   On and before January 9, 2019, Defendants, TOYOTA MOTOR CORPORATION ("TMC"); TOYOTA MOTOR SALES USA INC. ("TMS"); TOYOTA MOTOR NORTH AMERICA, INC. ("TMNA"); and TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC. ("TMEM"),  (hereinafter collectively Defendants or "TOYOTA") designed, manufactured, assembled, marketed and/or sold motor vehicles, including the 2013 TOYOTA F. J CRUISER "Trails Teams" edition.

2.   Prior to January 9, 2019, Plaintiff, LISA A. LANG (hereinafter "Plaintiff") purchased a 2013 TOYOTA F. J. CRUISER "Trail Teams" edition motor vehicle - identified as VIN # JTEBU4BF0DK158687 (hereinafter referred to as the "F.J. CRUISER" or "product").

3.   On information and belief, the J.F. CRUISER was designed, manufactured, assembled, marketed, sold by Defendants, TOYOTA MOTOR CORPORATION; TOYOTA MOTOR SALES USA INC.; TOYOTA MOTOR NORTH AMERICA, INC.; and TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC..

4.   On January 9, 2019, Plaintiff was driving her F. J. CRUISER in South Elgin, Illinois, near the intersection of Stearns Road and McLean Blvd., when her vehicle was struck by another motor vehicle on the passenger side, near the front wheel, and the F. J. CRUISER  tipped or rolled over onto the driver's side (hereinafter the "occurrence").

5.   Due to the occurrence, Plaintiff was injured and sustained damages.

6.   On information and belief, the F. J. CRUISER had an Occupant Restraint System (ORS) which included a seat belt assembly and a Supplemental Restraint System (SRS) which

2

FILED DATE: 1/8/2021 4:36 PM   2021L000272

included driver's side airbags, side airbags and a curtain shield airbag system.

7.     On or about March of 2013, TOYOTA MOTOR CORPORATION filed a Defect Information Report with the National Highway Traffic Safety Administration (NHTSA) concerning a voluntary safety recall of certain Toyota F.J. Cruiser vehicles to address an issue with the access door panels that anchor the front seat belts.

8.     On information and belief, the subject F.J. CRUISER was not repaired before the occurrence.

9.     When the F. J. CRUISER left the control of Defendants, and each of them, it was defective and/or unreasonably dangerous, with respect to its intended and reasonably foreseeable uses, in one or more of the following respects:

a.     The vehicle lacked adequate occupant restraint systems or devices.

b.     The front seat belt assembly and anchoring system were defective.

c.     The interior rear door access panel was of insufficient strength and could develop cracks due to fatigue with repeated use.

d.     The front seat belt retractor and anchor could detach from the access panel.

e.     The vehicle lacked adequate occupant head protection.

f.     The vehicle lacked adequately guarded, padded or pliable interior surfaces.

g.     The driver's side grab bar was located near the driver's head.

h.     The vehicle lacked an effective supplemental restraint system (SRS).

i.     The vehicle lacked adequate air bag protection.

j.     The airbags, side airbags and/or curtain shield airbags were not adequate.

k     The vehicle lacked adequate side impact protection.

l.     The vehicle lacked adequate roll-over protection.

3

m.   The vehicle contained inadequate warnings.

n.   The vehicle was otherwise not reasonably safe.

10.   Due to the aforesaid unsafe conditions of the F. J. CRUISER, the injuries Plaintiff sustained were greater than the injuries she would have otherwise suffered due to the collision.

**WHEREFORE**, Plaintiff, LISA LANG, demands judgment against Defendant, TOYOTA MOTOR CORPORATION; TOYOTA MOTOR SALES USA INC.; TOYOTA MOTOR NORTH AMERICA, INC.; and TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., in an amount in excess of THIRTY THOUSAND DOLLARS ($30,000.00), plus costs of suit.

## COUNT II

### (Respondents in Discovery)

**NOW COMES** the Plaintiff, LISA A. LANG, by her attorney, and pursuant to 735 ILCS 5/2-402, hereby names the following Respondents in Discovery:

- JORDAN CHAPMAN;
- VILLAGE OF SOUTH ELGIN;
- SOUTH ELGIN POLICE DEPARTMENT;
- SOUTH ELGIN AND COUNTRYSIDE FIRE
- PROTECTION DISTRICT;
- LIBERTY MUTUAL INSURANCE;
- PROGRESSIVE INSURANCE;
- LOREN HYUNDAI INC. d/b/a
- NAPELTON HYUNDAI GLENVIEW;
- FCA US LLC;

and in support thereof, states as follows:

1.   On information and belief, the above named Respondents have knowledge of relevant facts regarding the occurrence alleged in the complaint, and are believed by Plaintiff to have information essential to the determination of who should be properly named as additional

FILED DATE: 1/8/2021 4:36 PM  2021L000272

4

FILED DATE: 1/8/2021 4:35 PM   2021L000272

defendants in this action.

     **WHEREFORE**, Plaintiff, LISA LANG, names the above entities as Respondents in

Discovery in this matter.

                  Respectfully submitted,

                  LAW OFFICE OF JOHN M. KOVAC

                        /s/ John M. Kovac

                  By: _____

                        JOHN M. KOVAC
                        Attorney for Plaintiff

JOHN M. KOVAC
LAW OFFICE OF JOHN M. KOVAC
1342 Rosemary Lane
Bolingbrook, IL 60490
Phone: 630-673-7846
Fax: 815-609-0751
Email: kovaclaw@aol.com
Attorney Code 32257



# PROCESS SERVER DELIVERY DETAILS

**Date:**          Tue, May 18, 2021

**Server Name:**          Sheriff Drop

| Entity Served | TOYOTA MOTOR NORTH AMERICA, INC. |
|---|---|
| Agent Name | 70725223 |
| Case Number | 2021L000272 |
| Jurisdiction | IL |





 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**            Tue, May 18, 2021

**Server Name:**     Sheriff Drop


Entity Served       TOYOTA MOTOR SALES, U.S.A., INC.

Agent Name          51945905

Case Number         2021L000272

Jurisdiction        IL





EXHIBIT
C

FILED
4/5/2021 3:09 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

12832410

FILED DATE: 4/5/2021 3:09 PM    2021L003582

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

LISA A. LANG,                          )

                   )

          Plaintiff,           )    **No.** 2021L003582

v.                              )

                   )

GWC INJURY LAWYERS LLC;       )

GWC INJURY LAWYERS LTD.; and  )

GOLDBERG, WEISMAN & CAIRO, LTD. )

                   )

         Defendants,      )

And                           )

                   )

DEANNA CAIRO ARTHUR,       )

                   )

         Respondent in Discovery.  )

## COMPLAINT AT LAW

### COUNT I

    **NOW COMES** the Plaintiff, LISA A. LANG, by her attorney, and complaining of Defendants, GWC INJURY LAWYERS LLC; GWC INJURY LAWYERS, LTD.; and/or GOLDBERG, WEISMAN & CAIRO, LTD., states as follows:

    1.    On or about January 9, 2019, Plaintiff, LISA LANG had a motor vehicle accident (hereinafter the "accident" or "occurrence") and sustained personal injuries.

    2.    GWC INJURY LAWYERS LLC, GWC INJURY LAWYERS, LTD., and/or GOLDBERG, WEISMAN & CAIRO, LTD. (collectively referred to as "GWC") subsequently represented Plaintiff in connection with her personal injury claim arising from the accident

1



FILED DATE: 4/5/2021 3:09 PM    2021L003582

(hereinafter the "claim").

3.     At all times relevant, DEANNA CAIRO ARTHUR was a licensed attorney and an employee or agent of GWC and was assigned to handle Plaintiff's personal injury claim.

4.     At all times relevant, Liberty Mutual Insurance ("Liberty") insured the at-fault driver, Jordan Chapman ("Chapman"), who had liability coverage limits of 100,000/300,000 for the occurrence.

5.     At all times relevant, liability was not contested for the auto accident.

6.     On or about February 14, 2019, Liberty adjuster, Kelly Groves, called Plaintiff on the phone and offered her the aforesaid liability policy limit of $100.000.00 (hereinafter the "offer") to settle Plaintiff's bodily injury claim, before Liberty was ever contacted by GWC.  On that same date, Liberty also mailed Plaintiff a letter confirming the offer and a release of claim.

7.     GWC accepted Liberty's offer on June 11, 2019, before commencing any litigation.

8.     Thereafter, Liberty sent GWC a check, dated June 11, 2019, made payable to: GOLDBERG, WEISMAN AND CARIO, LTD and LISA LANG.

9.     GWC charged Plaintiff a 1/3 contingency fee in the amount of $33,333.33 for its services (hereinafter the "attorney fee"), based upon the gross recovery.

10.     GWC's attorney fee was paid from the funds received from Liberty.

11.     GWC's attorney fee was excessive.

12.     Rule 1.5(a) of the Illinois Rules of Professional Conduct of 2010 states that a lawyer shall not make an agreement for, charge, or collect an unreasonable fee.

13.     The attorney fee charged and collected by GWC was unreasonable.

14.     GWC did not procure the offer.

15.     GWC performed limited investigative services relating to the claim.

FILED DATE: 4/5/2021 3:09 PM    2021L003582

16.    GWC obtained reductions on two subrogation liens and some medical bills.

17.    Plaintiff is unable to locate the representation agreement with GWC.

18.    Plaintiff has performed all conditions precedent to the representation agreement.

19.    Plaintiff has incurred actual damages due to paying an excessive attorney fee and also incurred expenses related to filing this action.

20.    Before filing this action, Plaintiff's counsel emailed attorney DEANNA CAIRO ARTHUR on March 30, 2021, and requested a refund of the attorney fee paid to GWC. No response has been received to date.

21.    At all times relevant, GWC knew or should have known that the attorney fee was unreasonable.

22.    Due to the foregoing, the entire attorney fee received by GWC should be forfeited and refunded to Plaintiff, plus interest.

**WHEREFORE**, Plaintiff, LISA LANG, demands judgment against Defendants, GWC INJURY LAWYERS LLC; GWC INJURY LAWYERS, LTD.; and/or GOLDBERG, WEISMAN & CAIRO, LTD. in an amount in excess of THIRTY THOUSAND DOLLARS ($30,000.00), plus costs of suit.

## COUNT II

**NOW COMES** the Plaintiff, LISA A. LANG, by her attorney, and complaining of Defendants, GWC INJURY LAWYERS LLC; GWC INJURY LAWYERS, LTD.; and/or GOLDBERG, WEISMAN & CAIRO, LTD.; states as follows:

1.    At all times relevant, GWC INJURY LAWYERS LLC was an Illinois limited liability company, formed on or about March 31, 2019, and maintained its principal office located at One E. Wacker Drive, Suite 3800, Chicago, IL 60601.

FILED DATE: 4/5/2021 3:09 PM    2021L003582

2.      At all times relevant, GWC INJURY LAWYERS, LTD., was an Illinois corporation, which was converted to GWC INJURY LAWYERS LLC on or about March 29, 2019.

3.      At all times relevant, GOLDBERG, WEISMAN & CAIRO, LTD. was an Illinois corporation, incorporated on January 4, 1978, which was converted to GWC INJURY LAWYERS, LTD., on or about March 31, 2019.

4.      At all times relevant, DEANNA CAIRO ARTHUR, was an attorney licensed to practice law in Illinois and was an agent or employee of Defendant(s), GWC INJURY LAWYERS LLC, GWC INJURY LAWYERS, LTD., and/or GOLDBERG, WEISMAN & CAIRO, LTD.

5.      At all times relevant, Defendants GWC INJURY LAWYERS LLC; GWC INJURY LAWYERS, LTD.; and/or GOLDBERG, WEISMAN & CAIRO, LTD.; (hereinafter collectively referred to as "GWC") represented Plaintiff, LISA LANG, in connection with her personal injury claim arising from a motor vehicle accident on January 9, 2019 (hereinafter the "claim").

6.      Due to the auto accident, Plaintiff suffered major head trauma, with intracranial bleeding and memory loss, and incurred medical expenses and wage loss exceeding $500,000.00.

7.      On June 11, 2019, GWC agreed to resolve Plaintiff's bodily injury claim against the at-fault driver, Jordan Chapman ("Chapman"), for the total sum of $100,000.00 from Chapman's auto insurer, Liberty Mutual Insurance ("Liberty"), although liability was not contested and Plaintiff's damages greatly exceeded the amount offered to resolve the claim.

8.      On information and belief, a higher sum could have been obtained through continued negotiations and/or litigation.

9.      GWC prematurely resolved Plaintiff's bodily injury claim against Chapman for a lesser amount than Plaintiff could have reasonably expected to recover under the circumstances.

10.     Plaintiff would have prevailed if the claim proceeded to trial. Chapman admitted

that he disobeyed the traffic signal and received a traffic citation for the accident.

11.    On information and belief, before accepting the offer, GWC did not request any compensation to be paid by Jordan Chapman personally.

12.    On information and belief, before accepting the offer, GWC did not adequately investigate the collectability of an excess judgment against Jordan Chapman.

13.    On information and belief, before accepting the offer, GWC did not adequately investigate Jordan Chapman's income or personal assets.

14.    On information and belief, before accepting the offer, GWC downplayed the benefit of performing an asset search of Jordan Chapman.

15.    On information and belief, before accepting the offer, GWC did not adequately investigate whether Chapman's liability for the auto accident was non-dischargeable in bankruptcy, pursuant to 11 U.S. Code Section 523 (a) (9), due to intoxication from the use of alcohol, drugs or another substance.

16     At all times relevant, Plaintiff reasonably relied upon the information and advice provided to her by GWC and its attorneys in making decisions concerning her claim.

17.    The release of claim tendered by Liberty contains language unfavorable to Plaintiff which GWC should have objected to and had changed, before it was executed.

18.    At all times relevant herein, Defendants, GWC INJURY LAWYERS LLC; GWC INJURY LAWYERS, LTD.; and/or GOLDBERG, WEISMAN & CAIRO, LTD., and each of them, owed a duty of care to Plaintiff.

19.    Notwithstanding their respective duties, Defendants, GWC INJURY LAWYERS LLC; GWC INJURY LAWYERS, LTD.; and/or GOLDBERG, WEISMAN & CAIRO, LTD., and each of them, committed one or more of the following negligent acts and/or omissions:

FILED DATE: 4/5/2021 3:09 PM    2021L003582

FILED DATE: 4/5/2021 3:09 PM    2021L003582

    (a)      Accepted Liberty's offer without adequate investigation.

    (b)      Resolved the claim against Chapman for only $100,000.00.

    (c)      Failed to file a lawsuit and conduct discovery, before resolving the claim.

    (d)      Failed to assess if Chapman's liability was non-dischargeable in bankruptcy.

    (e)      Failed to request compensation from Chapman, personally.

    (f)      Failed to adequately investigate Chapman's insurance coverage.

    (g)      Failed to adequately investigate Chapman's personal assets.

    (h)      Down-played the benefit of doing an asset search on Chapman.

    (i)      Negligently advised Plaintiff concerning her claim.

    (j)      Failed to revise or modify the release of claim.

20.      Due to the negligence of Defendants, GWC INJURY LAWYERS LLC; GWC INJURY LAWYERS, LTD.; and/or GOLDBERG, WEISMAN & CAIRO, LTD., Plaintiff has sustained pecuniary damages.

**WHEREFORE**, Plaintiff, LISA LANG, demands judgment against Defendants, GWC INJURY LAWYERS LLC; GWC INJURY LAWYERS, LTD.; and/or GOLDBERG, WEISMAN & CAIRO, LTD., in an amount in excess of THIRTY THOUSAND DOLLARS ($30,000.00), plus costs of suit.

FILED DATE: 4/5/2021 3:09 PM    2021L003582

## COUNT III

### (Respondents in Discovery)

**NOW COMES** the Plaintiff, LISA A. LANG, by her attorney, and pursuant to 735 ILCS 5/2-402, hereby names the following Respondents in Discovery:

- DEANNA CAIRO ARTHUR

and in support thereof, states as follows:

1.     On information and belief, the above named Respondent has knowledge of relevant facts regarding the occurrences alleged in the complaint, and is believed by Plaintiff to have information essential to the determination of who should be properly named as additional defendants in this action.

**WHEREFORE**, Plaintiff, LISA LANG, names the above persons and/or entities as Respondents in Discovery in this matter.

Respectfully submitted,

LAW OFFICE OF JOHN M. KOVAC

                    /s/ John M. Kovac
By: _____
            JOHN M. KOVAC
            Attorney for Plaintiff

JOHN M. KOVAC
LAW OFFICE OF JOHN M. KOVAC
1342 Rosemary Lane
Bolingbrook, IL 60490
Phone: 630-673-7846
Fax: 815-609-0751
Email: kovaclaw@aol.com
Attorney Code 32257

FILED DATE: 4/5/2021 3:09 PM    2021L003582

## CERTIFICATION OF DAMAGES

Pursuant to 735 ILCS 5/1-109 and Supreme Court Rule 222(b), the undersigned attorney certifies that he is the attorney for Plaintiff in this matter and that Plaintiff seeks total money damages in excess of $50,000.00.

4/05/2021                                         /s/ John M. Kovac

_____         _____
Date                                             JOHN M. KOVAC
                                                 Attorney for Plaintiff

JOHN M. KOVAC
LAW OFFICE OF JOHN M. KOVAC
1342 Rosemary Lane
Bolingbrook, IL 60490
Phone: 630-673-7846
Fax: 815-609-0751
Email: kovaclaw@aol.com
Attorney Code 32257

8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LISA A. LANG,

      Plaintiff,

v.

TOYOTA MOTOR CORPORATION;
TOYOTA MOTOR SALES USA, INC.;
TOYOTA MOTOR NORTH AMERICA, INC.;
and TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA, INC.

      Defendants.

and

VILLAGE OF SOUTH ELGIN; SOUTH
ELGIN POLICE DEPARTMENT; SOUTH
ELGIN AND COUNTRYSIDE FIRE
PROTECTION DISTRICT; LIBERTY
MUTUAL INSURANCE; PROGRESSIVE
INSURANCE; LOREN HYUNDAI, INC.
d/b/a NAPLETON HYUNDAI GLENVIEW;
JORDAN CHAPMAN; FCA US, LLC; and
TOYOTA,

      Respondents in Discovery.

      Case No.

---

## Affidavit of Jilian M. Burns

1.      I, Jilian M. Burns, am over the age of 18 years, and have personal knowledge of the facts contained herein.

2.      I am an attorney, employed by O'Hagan Meyer, LLC, One E. Wacker Drive, Suite 3400, Chicago, IL 60601, and my ARDC Number is 6332507.

3.      On June 9, 2021 at 11:11 a.m., I received a copy of the Complaint entitled *Lisa A. Lang v. GWC Injury Lawyers, LLC, et al.*, Case No. 2021 L 003582, from Elizabeth Dziedzic, a legal clerk for O'Hagan Meyer, LLC. A true and correct copy of this email is attached as Exhibit 1.



EXHIBIT
E

Further, Affiant sayeth naught.

Dated this _28_ day of June 2021.

```
DAVID LYSZKOWSKI
Official Seal
Notary Public – State of Illinois
My Commission Expires Sep 20, 2021
```

By: _Jilian M. Burns_

Jilian M. Burns

Subscribed and sworn to before me
on this _28_ day of June 2021.

David Lyszkowski, Notary Public

| **From:** | Elizabeth Dziedzic |
|---|---|
| **To:** | Jilian Burns |
| **Subject:** | RE: Complaints from Daley |
| **Date:** | Wednesday, June 9, 2021 11:11:20 AM |
| **Attachments:** | 2021L003582 Complaint.pdf |
| | 2021L003972 Complaint.pdf |

Hey Jilian,

Attached are the complaints you requested. Let me know if you need anything else!

Thanks,
Beth

EXHIBIT
1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LISA A. LANG,

      Plaintiff,

v.

TOYOTA MOTOR CORPORATION;
TOYOTA MOTOR SALES USA, INC.;
TOYOTA MOTOR NORTH AMERICA, INC.;
and TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA, INC.

      Defendants.

and

VILLAGE OF SOUTH ELGIN; SOUTH
ELGIN POLICE DEPARTMENT; SOUTH
ELGIN AND COUNTRYSIDE FIRE
PROTECTION DISTRICT; LIBERTY
MUTUAL INSURANCE; PROGRESSIVE
INSURANCE; LOREN HYUNDAI, INC.
d/b/a NAPLETON HYUNDAI GLENVIEW;
JORDAN CHAPMAN; FCA US, LLC; and
TOYOTA,

      Respondents in Discovery.

Case No.

---

### Affidavit of Elizabeth Dziedzic

1.     I, Elizabeth Dziedzic, am over the age of 18 years, and have personal knowledge of the facts contained herein.

2.     I am a legal clerk, employed by O'Hagan Meyer, LLC, One E. Wacker Drive, Suite 3400, Chicago, IL 60601.

3.     On June 9, 2021 at 8:50 a.m., I received a copy of the Complaint entitled *Lisa A. Lang v. GWC Injury Lawyers, LLC, et al.*, Case No. 2021 L 003582, from Mona N. Mehta, an employee of the Circuit Court of Cook County. A true and correct copy of this email is attached as Exhibit 1.

Page **1** of **2**



4.      On June 9, 2021 at 11:11 a.m., I sent a copy of the Complaint entitled Lisa A. Lang v. Presence Home Care, et al., Case No. 2021 L 003582, to Jilian Burns. A true and correct copy of this email is attached as <u>Exhibit 2</u>.

Further, Affiant sayeth naught.

Dated this 26 day of June 2021.

```
DAVID LYSZKOWSKI
Official Seal
Notary Public – State of Illinois
My Commission Expires Sep 20, 2021
```

By: _____
Elizabeth Dziedzic

Subscribed and sworn to before me
on this 26 day of June 2021.

_____
David Lyszkowski, Notary Public

| | |
|---|---|
| **From:** | Mona N. Mehta (Circuit Court) |
| **To:** | Elizabeth Dziedzic |
| **Subject:** | Copies of 2021L003582 |
| **Date:** | Wednesday, June 9, 2021 8:45:41 AM |
| **Attachments:** | 2021L003582 Complaint.pdf |

Thanks for the payment.

Please find the copies requested.

EXHIBIT
1